IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY PETER BAKER,** : | |
| Plaintiff, : | |
| vs. : | CA 09-0036-CG-C |
| **JANET NAPOLITANO, Secretary** : | |
| **United States Department of Homeland** | |
| **Security,** : | |
| Defendant. : | |

## ORDER

This matter is before the court on the report and recommendation of the Magistrate Judge (Doc. 25), and plaintiff's reply (26) and amended complaint (Doc. 27), which were both filed after the Magistrate Judge's report and recommendation.  The Magistrate Judge recommended that the defendant's motion to dismiss (Docs. 7, 8) be granted because this court lacks subject-matter jurisdiction over plaintiff's action regarding a settlement agreement that arose out of a personnel grievance under the Civil Service Reform Act (CSRA).  Plaintiff's later-filed reply does not directly address the jurisdictional problem with his complaint, and plaintiff has not objected to the Magistrate Judge's report and recommendation.  The reply merely argues that, under the settlement agreement, the grievance and personnel matters were to be withdrawn and terminated.  Plaintiff's assertion does not alter the fact that the settlement agreement arose out of, and was an attempt to resolve, his personnel grievances under the CSRA.   As the Magistrate Judge explained, the CSRA provides a "comprehensive framework for handling the complaints of civil service employees faced with adverse personnel decisions." Richards v. Kiernan, 461 F.3d 880, 883 (7th Cir. 2006) (citation omitted).  "By creating the CSRA, Congress implicitly

repealed the jurisdiction of federal district courts over personnel actions arising out of federal employment." Id. (citation omitted).  "[S]ince the settlement agreement arose from this integrated scheme, the settlement agreement must be enforced within the procedures provided for in the CSRA or not at all." Bobula v. United States Department of Justice, 970 F.2d 854, 858 (Fed.Cir. 1992).  Therefore, this court lacks jurisdiction over plaintiff's complaint.

After the Magistrate recommended that plaintiff's complaint be dismissed, plaintiff filed an amended complaint. (Doc. 27).  However, the amended complaint does not cure the original complaint's jurisdictional defect.  The amended complaint adds two defendants who allegedly wrote the settlement agreement at issue and allegedly were responsible for the failure of the U. S. Department of Homeland Security to perform its obligations under the agreement.  The court finds that the amended complaint suffers from the same defect as the original complaint.  There is no basis for this court to exercise subject-matter jurisdiction over the amended complaint.

After due and proper consideration of all portions of  this file deemed relevant to the issues raised, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and dated May 26, 2009 is **ADOPTED** as the opinion of this court and defendant's motion to dismiss (Docs. 7, 8) is **GRANTED**.

It is **FURTHER ORDERED** that the amended complaint (Doc. 27) is **DISMISSED** for lack of subject-matter jurisdiction.

**DONE and ORDERED** this 11th day of June, 2009.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE